## BELLEFIELD CO. v. HEINER, Collector of Internal Revenue.

District Court, W. D. Pennsylvania. January 9, 1928.

### No. 3591.

Internal revenue ⟺19(1)—Instruments under seal, containing promise to pay sum certain, designed as corporate securities, and containing mortgage by reference, held taxable as "bonds" (Revenue Act 1924, tit. 8, schedule A-I [Comp. St. § 6318p]).

Instruments given by corporation, containing promise to pay sum certain where under seal and issued in series in nature of corporate securities, including by reference mortgage, by which maturity dates were advanced in case of default, held not mere promissory notes, but taxable as bonds of indebtedness under Revenue Act 1924, tit. 8, schedule A–1 (Comp. St. § 6318p).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bond.]

At Law. Action by the Bellefield Company against D. B. Heiner, Collector of Internal Revenue of the United States for the Twenty-Third District of Pennsylvania. Judgment for defendant.

William M. Hall, of Pittsburgh, Pa., for plaintiff.

John D. Meyer, U. S. Atty., of Pittsburgh, Pa., for defendant.

GIBSON, District Judge. The plaintiff has brought suit to recover the sum of $1,280, with interest, which amount is alleged to have been wrongfully exacted from plaintiff in the shape of stamp tax upon certain notes issued by plaintiff. The facts have been stipulated and are as follows:

"(1) Plaintiff is a corporation.

"(2) On or about November 25, 1924, the plaintiff offered for discount unto two banks in Pittsburgh, the Commonwealth Trust Company of Pittsburgh, Pa., and the First National Bank of Pittsburgh, Pa., the said plaintiff's promissory notes commonly known as discount or bank paper in the aggregate sum of $400,000, and as collateral thereto the plaintiff offered the said trust company and said bank the plaintiff's obligations in the following form in the aggregate of $640,000, payable at 4 months from their date, the said notes being 38 in number and in amounts being from $1,000 to $100,000, all bearing the date of November 25, 1924:

"'Number ———.          $———.

"'The Bellefield Company, a corporation under the laws of Pennsylvania, for value received, hereby promises to pay to its own order, on the ——— day of ———, at the office of the People's Savings & Trust Company of Pittsburgh, Pa., ——— dollars, lawful money of the United States, with interest thereon at the rate of six (6) per centum per annum.

"'This note is made in pursuance of due corporate action of the stockholders and directors of the Bellefield Company, and is one of a series of notes of like date and tenor (except as to principal amount), issued to an amount not exceeding in the aggregate six hundred forty thousand dollars ($640,000.00) in pursuance of the terms of a certain mortgage dated October 18, 1923, reference to which is hereby made as if herein fully set forth.

"'This note shall not be valid until authenticated by the certificate hereon signed by the People's Savings & Trust Company of Pittsburgh, trustee.

"'In witness whereof, the Bellefield Company has caused this note to be signed in its name by its president and its corporate seal to be hereto affixed by its secretary, this ——— day of ———.

"'The Bellefield Company,
"'By ———, President.
"'Attest: ———, Secretary.

"'Certificate.

"'This note is one of the notes described in the mortgage within referred to.

"'People's Savings & Trust Company of Pittsburgh,
"'By ———.'

"(3) The said collateral notes were secured by a mortgage given to the People's Savings & Trust Company of Pittsburgh upon real estate of the plaintiff in Pittsburgh, Pa.

"(4) The substance of said mortgage was as follows: It was dated the 18th of October 1923; stated that the plaintiff had resolved to issue its certain promissory notes, 38 in number, in various amounts from $1,000 to $100,000, aggregating $640,000, dated October 18, 1923, payable at 8 months, with interest at 6 per cent. per annum. It recited the notes, the form of which is given in the second fact stipulated. It conveyed the real estate. It provided that the trustees should

act for the protection of the holders of the notes, whoever they might be; that the notes should be delivered to the trustee certified by it and redelivered. to the plaintiff; that the plaintiff would pay the notes and interest promptly, and pay all taxes on the mortgaged premises, and keep its building insured; that on the maturity of the notes they might be renewed from time to time by taking the original notes back to trustee and have a recertification of the renewal that these renewals might go on from time to time; that, in case of default, the trustee might foreclose for the benefit of the note holders.

"(5) In November 26, 1924, the said Commonwealth Trust Company of Pittsburgh and the First National Bank of Pittsburgh, being about to discount said notes aggregating $400,000 and take said collateral notes, the defendant demanded that plaintiff purchase from him as collector of internal revenue of the United States of America for the Twenty-Third district of Pennsylvania, internal revenue documentary stamps aggregating $320, and affix the same upon said collateral notes, as renewals of the original notes issued by the plaintiff and certified by the said trustee. Plaintiff protested that said notes were not taxable, and, defendant claiming they were at 5 cents on each $100, plaintiff purchased the internal revenue documentary stamps of the United States of America, and paid to the defendant $320 therefor, and affixed the same upon said collateral notes, and used the said stamps and canceled them and delivered the said notes to the Commonwealth Trust Company of Pittsburgh and the First National Bank of Pittsburgh. Again on or about March 4, 1925, a similar occurrence took place on the said discounted paper coming due, and the plaintiff under like circumstances and under protest paid to defendant $320, and purchased from the defendant the same amount of internal revenue documentary stamps of the United States of America, and placed the same upon the said renewal notes used and canceled the same, and again on or about July 5, 1925, a similar occurrence took place on the said discounted paper coming due, and the plaintiff under like circumstances and under protest paid to defendant $320, and purchased from the defendant the same amount of internal revenue documentary stamps of the United States of America, and placed the same upon the said renewal notes used and canceled the same,

and again on October 22, 1925, a similar occurrence took place on the said discounted paper coming due, and the plaintiff under like circumstances and under protest paid defendant $320, and purchased from the defendant the same amount of internal revenue documentary stamps of the United States of America, and placed the same upon the said renewal notes used and canceled the same, making a total payment to defendant as collector of $1,280 at the times aforesaid.

"(6) That the plaintiff duly and regularly made application in writing to the Commissioner of Internal Revenue of the United States of America for a refund in the amount of $1,280, consisting of the four above items of $320 each, with interest from their respective times of payment; said claim being made for stamps used in error and payment therefor exacted without warrant of law, and the use thereof exacted without warrant of law.

"(7) On the 27th of November, 1926, the Commissioner of Internal Revenue of the United States of America rejected and refused to allow the claim of the plaintiff for refund."

Plaintiff contends that the instruments upon which revenue stamps were required were promissory notes and as such not subject to the payment of stamp tax. The defendant contends that the instruments upon which the stamps were affixed were bonds of indebtedness, and as such taxable at the rate of 5 cents on each $100 of face value thereof, under schedule A–1, tit. 8, of the Revenue Act of 1924 (Comp. St. § 6318p). It will be noticed that the instruments in contention differ in form from the ordinary promissory notes, in that they are under seal and incorporate, by reference, the terms of the mortgage given to secure their payment. The instruments contain the material features of bonds, in that each note is a promise under seal to pay a sum certain; they were issued in series by the corporation in the nature of corporate securities, and are designed for use as corporate securities; the maturity dates are advanced in case of default; and they require authentication by the trustee. Being of the opinion that the instruments in question are bonds of indebtedness as contemplated by schedule A–1, tit. 8, of the Revenue Act of 1924, our finding must be against the plaintiff and in favor of the defendant.

Let an order for judgment be drawn in accordance with the foregoing opinion.